1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   Kathleen E. Hegen, State Bar No. 104522
2  One Sansome Street, Suite 1400
   San Francisco, California 94104
3  Telephone: (415) 362-2580
   Facsimile: (415) 434-0882
4  e-mail:  HEGEN@lbbslaw.com

5  Attorneys for Plaintiff
   AMERICAN HARDWARE MUTUAL INSURANCE COMPANY

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11

12                                          C07 01545 HRL

13  AMERICAN HARDWARE MUTUAL         ) NO.
    INSURANCE COMPANY,               )
14                                   )
           Plaintiff,                )
15                                   ) **COMPLAINT OF AMERICAN**
       v.                            ) **HARDWARE MUTUAL INSURANCE**
16                                   ) **COMPANY FOR DECLARATORY**
    JUAN G. ESCAMILLA INDIVIDUALLY   ) **RELIEF**
17  AND DBA WILSON'S TIRE SERVICE    )
    AND JULIE FIGUEROA, Inclusive,   ) DEMAND FOR JURY TRIAL
18                                   )
           Defendants.                )
19                                   )

20

21

22
           Plaintiff American Hardware Mutual Insurance Company ("American Hardware")
23
    alleges:
24
                             JURISDICTION
25
           This Court has jurisdiction pursuant to 28 USC § 1332 because, as alleged below,
26
    plaintiff American Hardware is a Minnesota corporation and defendants are residents of the
27
    State of California, and the amount in controversy exceeds $75,000.
28

4846-5637-7857.1                      -1-
              COMPLAINT FOR DECLARATORY RELIEF USDC ND (SJ)

INTRADISTRICT ASSIGNMENT

As alleged below, because defendant Juan Escamilla is a resident of Santa Cruz County, the contract and events leading to the controversy at issue took place in Santa Cruz and Monterey counties, this matter would be assigned to the San Jose Division of the U.S. District for the Northern District of California pursuant to Civil Local Rule 3-2(c).

GENERAL ALLEGATIONS

1. At all times mentioned herein plaintiff American Hardware was, and now is, a corporation duly organized and existing under and by virtue of the laws of the State of Minnesota, domiciled in the State of Ohio, with its principal place of business in Minnetonka, Minnesota, and authorized to do business, and doing business in California as an insurer by the Insurance Commissioner of the State of California.

2. American Hardware is informed and believes and thereon alleges that Defendant Juan G. Escamilla individually and dba Wilsons Tire Service is, and at all times mentioned was, a resident of the County of Santa Cruz, State of California, having its principal place of business at 1807 Soquel Avenue, Santa Cruz, CA 95062.

3. Plaintiff is informed and believes and thereupon alleges that Defendant Julie Figueroa is, and at all times mentioned was, a resident of Sacramento County, State of California.

4. On or about September 1, 2004, American Hardware issued a commercial garage package policy Number 4-2341498 with an uninsured and underinsured motorist single limit per accident of $250,000 to Juan G. Escamilla dba Wilsons Tire Service, a sole proprietorship (hereinafter "the Policy").

5. On or about February 5, 2005, Matthew Escamilla, the son of Juan G. Escamilla and Julie Figueroa, was killed in a two car accident in Monterey County, CA, involving nine injuries or deaths (hereinafter "the Accident"), wherein Matthew Escamilla was a passenger in a vehicle driven by Tomesina Uresti (hereinafter "Uresti"), an unlicensed driver, in a vehicle owned by Frederick and Donna Kuhn.

6. American Hardware is informed and believes and thereon alleges that Juan G. Escamilla was the sole custodial parent of Matthew Escamilla at the time of the Accident, defendant Julie Figueroa having been estranged from Juan G. Escamilla as of 1989, and divorced from him as of the time of the Accident.

7. American Hardware is informed and believes and thereon alleges that State Farm Insurance Company issued an automobile liability policy with $100,000/$300,000 limits to Connie G. Vargas, aunt and custodian of Uresti, and that State Farm Insurance Company paid its per accident limits of $300,000 to the victims and heirs of victims of the Accident on behalf of its insureds (hereinafter "the Uresti settlement").

8. American Hardware is informed and believes and thereon alleges that CSAA issued an automobile liability policy with $15,000/$30,000 limits to Frederick and Donna Kuhn, and that CSAA paid its per accident limits of $30,000 to the victims and heirs of victims of the Accident on behalf of its insureds Frederick and Donna Kuhn (hereinafter "the Kuhn settlement").

9. American Hardware is informed and believes and thereon alleges that Juan G. Escamilla and Julie Figueroa received $67,000 of the proceeds from the Uresti and Kuhn settlements.

10. American Hardware is informed and believes and thereon alleges that this Court has Federal subject matter jurisdiction as there is, and at all times mentioned was, complete diversity of citizenship between the parties pursuant to 28 USC §1332, and the amount in controversy exceeds $75,000.

11. American Hardware is informed and believes and thereon alleges that the United States District Court, Northern District of California, San Jose Division, is the proper venue for this action because the insurance contracts at issue were formed within Santa Cruz and/or Monterey Counties and the Accident occurred within Monterey County.

12. As set forth below, an actual controversy has arisen and now exists between the parties relating to the legal rights and duties of plaintiff and defendants under the Policy for which plaintiff desires a declaration of rights and duties.

13. A declaratory judgment is necessary in that plaintiff contends, and plaintiff is informed and believes that defendants deny, that the Accident did not involve an "underinsured motor vehicle" as defined in the Policy, such that defendants are not entitled to underinsured motorist coverage under the Policy.

14. Plaintiff is informed and believes and thereon alleges that defendants contend that they are collectively owed $183,000 as underinsured motorist coverage, the net of plaintiff's limits of $250,000 less $67,000 recovered on behalf of Matthew Escamilla in the Uresti and Kuhn settlements.

### FIRST CAUSE OF ACTION – DECLARATORY RELIEF
### (AGAINST ALL DEFENDANTS)

15. Plaintiff realleges Paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff is informed and believes and thereon alleges that Julie Figueroa contends that she is an insured under the Policy as an heir of Matthew Escamilla based on Insurance Code § 11580.2, which confers insured status on heirs of insureds with respect to uninsured motorist insurance.

17. The Policy provides in relevant part that the following are insureds under its underinsured motorist coverage:

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are 'insureds':

a. The Named Insured and any 'family members.'
b. Anyone else 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto'. The covered 'auto' must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

'Family member' means the individual Named Insured's spouse, whether or not a resident of the named insured's household, and any other person related to such Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

18. The Policy underinsured motorist coverage insuring agreement provides in relevant part:

> For a covered 'auto' licensed or principally garaged in or 'garage operations' conducted in California this endorsement modifies insurance provided under the following: . . . Garage Coverage Form. [The designated covered auto is category 27, which includes specifically described autos as further defined.]
>
> We will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.' The damages must result from 'bodily injury' sustained by the 'insured' caused by an 'accident.' The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the 'uninsured motor vehicle.'
>
> 'Uninsured motor vehicle' means a land motor vehicle or trailer:
>
> . . .
>
> b. That is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or 'trailer' for which the sum of all liability bonds or policies at the time of an 'accident' provides at least the amounts required by the applicable law where a covered 'auto' is principally garaged but that sum is less than the Limit of Insurance for this coverage.

19. Plaintiff alleges that, because the Uresti and Kuhn tortfeasors' insurers paid per accident and not per person limits with respect to the Accident, "the sum of all liability bonds or policies at the time of" the Accident was $330,000, which exceeds American Hardware's limits of $250,000, such that an underinsured motorist was not involved in the Accident under California law. Plaintiff is informed and believes and thereon alleges that defendants contend that per person rather than per accident limits should be compared with American Hardware's limits in order to determine whether the Accident involved an underinsured motorist. Plaintiff has not been able to locate applicable law that would resolve this legal question and plaintiff has been advised through counsel that defendants have also not been able to locate applicable law.

20. Plaintiff is informed and believes and thereon alleges that there are other potential disputed issues to be resolved before this court with respect to the Accident and the Policy that may be discovered at a later time, and that such issues are thereby reserved for resolution, and not to be deemed waived.

WHEREFORE, plaintiff prays judgment as set forth herein.

1. For a judicial declaration that plaintiff has no obligation to defendants under the Policy;

2. For costs of suit; and

3. For such and other and further relief as the court may deem proper.

DATED: March 19, 2007    LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Kathleen E. Hegen, Esq.
Attorneys for Plaintiff
AMERICAN HARDWARE MUTUAL INSURANCE COMPANY